UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR MORA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:17-cv-01470-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Salvador Mora ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DBI") under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole

---
[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 6, 8.)

1

and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

On August 12, 2013, Plaintiff filed an application for disability insurance benefits. AR 154-57.[2] Plaintiff alleged that he became disabled on July 26, 2012, due to constant dizziness caused by vertigo, vomiting caused by dizziness, and loss of hearing in his left ear. AR 169. Plaintiff's application was denied initially and on reconsideration. AR 89-92, 97-101. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Teresa Hoskins Hart held a hearing on February 3, 2016, and issued an order denying benefits on September 28, 2016. AR 20-34, 39-66. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-4. This appeal followed.

### Hearing Testimony

The ALJ held a hearing on February 3, 2016, in San Jose, California. Plaintiff appeared with his attorney, Marge Christiansen, along with an interpreter. Impartial Vocational Expert ("VE") Robin Share also appeared. AR 41.

In response to questioning by the ALJ, Plaintiff testified that his past work in the last fifteen years was as a ranch irrigator working full time. AR 43-46. He has not received any unemployment benefits since July of 2012, but did receive state disability benefits for one year. AR 49.

Plaintiff's highest level of education was sixth grade in Mexico. He came to the United States in 1981 and is a U.S. Citizen. He took the citizenship exam in 2013 by oral examination in Spanish. He only attended classes for English as a second language for two weeks until he started to work. He has no other education or vocational training. Since 1985, he has had a valid driver's license in the United States. AR 46-49. When he drives, it is usually to the corner store, Lowe's or the doctor. He does not have any activities in his community that he participates in or attends on a regular basis. AR 49.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

When asked about a typical day, Plaintiff testified that after he wakes up, he will do "a little bit of exercises" sometimes. If he is feeling okay, he will try to do some work in the yard, cutting the grass or trying to do his exercises. When he is inside the house, he watches TV and he used to study for his citizenship. When asked why he has not been able to work since July 2012, Plaintiff testified that he did not want to stop working, but he would get dizzy. AR 50-51.

In response to questions from his attorney, Plaintiff testified that he saw a doctor in El Dorado, California for his dizziness. He was diagnosed with vertigo and takes medication, which helps it subside. His doctors also sent him to therapy, but it has not helped. He has tried exercise, which helps, but does not "hold it." He has been using a cane for about a year. He can walk about 30 minutes. AR 51-55.

Following Plaintiff's testimony, the ALJ elicited testimony from VE Robin Share. The VE classified Plaintiff's past work experience as farm worker, diversified crop I. The ALJ also asked the VE hypothetical questions. For all the hypotheticals, the ALJ asked the VE to assume a person with the same age, education and prior work experience as Plaintiff. For the first hypothetical, the ALJ asked the VE to assume an individual with no exertional limitations, but was limited to frequent balancing, never climbing ladders, ropes or scaffolds, must avoid concentrated exposure to hazards, such as unprotected heights, nearby dangerous machinery or operating motor vehicles on the job. The VE testified that this person would not be able to perform Plaintiff's prior work and would not have any transferable skills. However, the VE also testified that this person could perform other work in the national economy, such as kitchen helper, dining room attendant, and counter supply worker replenishing buffet tables. AR 56-61.

For the second hypothetical, Plaintiff's attorney asked the VE to consider the same hypothetical as the first one, except for the constant need to use a cane with standing or walking. The VE testified that the identified jobs could not be done with the need for a cane with standing or walking. AR 61-62. However, the VE reported that there were jobs in the light category that this individual could perform, such as ticket seller, cashier II, and office helper. For the jobs of cashier II and ticket seller, rudimentary English would be required. AR 63- 64.

For the third hypothetical, Plaintiff's attorney asked if there was any work for a person who would miss one or two days per week. The VE testified that this person would not be able to maintain employment. AR 62- 63.

**Medical Record**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 20-34. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since July 26, 2012, his application date. The ALJ identified vertigo of unknown etiology and tinnitus as severe impairments. AR 25-29. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 29. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: no more than frequent balancing, never climbing ladders, ropes or scaffolds, and must avoid concentrated exposure to hazards including unprotected heights, nearby moving machinery, and operating motorized vehicles on the job. AR 29-32. The ALJ also noted that Plaintiff had a marginal education and was unable to communicate in English. With this RFC, the ALJ found that Plaintiff could not perform any past relevant work, but there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including kitchen helper, dining room attendant, and counter supply worker. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 33.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112,

1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Plaintiff argues that the ALJ erred in her evaluation of Plaintiff's treating physician's opinion and her credibility finding was defective.

## DISCUSSION[3]

**A. Treating Physician's Opinion**

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons to reject the opinion of Plaintiff's treating doctor, Dr. Reynaldo Garcia.

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

5

On November 11, 2014, Dr. Garcia completed a Physical Residual Function Capacity Statement form and identified Plaintiff's diagnoses to include benign paroxysmal positional vertigo and hypertension with a fair prognosis. Dr. Garcia listed Plaintiff's symptoms as frequent and recurrent vertigo associated with nausea and occasional vomiting, along with medications that may cause drowsiness and fatigue. Dr. Garcia opined that Plaintiff's pain was severe enough to interfere with attention and concentration occasionally, meaning 1/3 of an 8-hour work day, and any stress would rarely interfere with attention and concentration. AR 299. Dr. Garcia further opined that in an 8-hour work day, Plaintiff could not walk one city block without rest or severe pain, could not climb steps without use of a handrail at a reasonable pace, would have problems with balance while ambulating and would have problems with stooping, crouching and bending. AR 300. Dr. Garcia reported that Plaintiff must lie down/recline for two hours at a time before needing to sit up, stand up or walk around due to fatigue and stress. In an 8-hour work day, Plaintiff would need to lie down and/or recline less than 1 hour. Dr. Garcia also opined that Plaintiff could sit for one hour at a time, stand for 30 minutes at a time, and walk for 30 minutes at time. In an 8-hour work day, Plaintiff could sit less than 1 hour and stand and walk less than 1 hour. AR 300-01. Plaintiff also would need unscheduled breaks every 2 hours for 15 minutes. While occasionally standing and walking, Plaintiff did not need to use a cane or other assistive device. AR 301. Dr. Garcia assessed that Plaintiff occasionally could lift or carry less than 5 pounds, rarely 5, 10 or 15 pounds, and never 20 pounds or more. Dr. Garcia also determined that Plaintiff had significant limitations with reaching, handling or fingering, indicating that he could use his hands 80% of an 8-hour workday, could grasp, turn and twist objects 90% of an 8-hour work day, and could engage in fine manipulations and reaching 90% of an 8-hour work day. AR 301. Plaintiff also had the ability to push and pull arm or leg controls from a sitting position for six or more hours per 8-hour work day. AR 302. Additionally, Dr. Garcia opined that Plaintiff would be off task for more than 30% of an 8-hour workday due to his limitations. Plaintiff also would be absent from work 5 days or more per month and would be unable to complete an 8-hour work day, 5 days or more per month. On a sustained basis, Plaintiff could be expected to perform a job efficiently, 8-hours per day, 5 days per week on a sustained basis less than 50%. Dr.

Garcia believed that Plaintiff would be unable to obtain and retain work in a competitive work environment because of his limitations. AR 302.

In assessing the opinion of Dr. Garcia, the ALJ reasoned, in part, as follows:

> The undersigned notes that Dr. Garcia's opinion is internally inconsistent, as he stated that the claimant would be able to sit for less than 1 hour in an 8-hour day but would be able to operate hand and foot controls from a seated position for more than 6 hours in an 8-hour day (10F/3-5). For this reason, the undersigned accords this opinion little weight to the extent it conflicts with the above described residual functional capacity. Additionally, the highly restrictive portions of his opinion are inconsistent with the claimant's repeated normal objective medical images and conservative course of treatment and reports of good symptom control (1F/2-7; 2F/2-3; 3F/1-2; 6F/1-3; 7F/1; 8F/2-4; 9F/3, 5, 13, 26, 30-32; 11F/2, 508; 12F/5-11). Rather, this extremely restricted functional capacity opinion seems to reflected [sic] an accommodating physician opinion that was specifically sought for the pending hearing request in this matter, and not consistent with treatment course nor objective medical evidence and treatment notes as summarized above.

AR 31.

As indicated, Plaintiff asserts that the ALJ improperly rejected Dr. Garcia's opinion. The Court disagrees. Cases in this circuit identify three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of doctors who do not treat the claimant. *Id.* Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* If the treating physician's opinion is contradicted by another doctor, the Commissioner must provide "specific and legitimate" reasons supported by substantial evidence in the record to reject this opinion. *Id.* "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).

Here, Dr. Garcia's opinion arguably was contradicted by the state agency physicians, who determined that Plaintiff did not have any exertional limitations, but should never climb ladders, ropes

or scaffolds, should avoid unprotected heights and concentrated exposure to hazards, and frequently could balance. AR 32, 73-74; 83-85. In such an instance, the ALJ is required to provide specific and legitimate reasons for rejecting Dr. Garcia's opinion. Despite the apparent contradiction, Plaintiff argues that the ALJ was required to provide clear and convincing reasons for rejecting Dr. Garcia's opinion because it was not contradicted by another examining physician. (Doc. No. 14 at 10-11.) The Court finds it unnecessary to resolve this issue regarding the applicable standard because the ALJ did not err in discounting Dr. Garcia's opinion under either one – specific and legitimate or clear and convincing.[4]

ALJ also provided multiple reasons for discounting Dr. Garcia's opinion.

First, the ALJ properly discounted Dr. Garcia's opinion as internally inconsistent. AR 32. Internal inconsistencies in a physician's report provide a basis for excluding that medical opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ did not err in rejecting various statements by treating physician because they were internally inconsistent); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602–03 (9th Cir. 1999) (holding that an ALJ may properly reject a treating physician's opinion that is internally inconsistent); *Gabor v. Barnhart*, 221 Fed.App'x 548, 550 (9th Cir. 2007) (finding "internal inconsistencies" in physician's report provided a proper basis to exclude that medical opinion); *see also Melton v. Comm'r of Soc. Sec. Admin.*, 442 Fed.App'x 339, 341 (9th Cir. 2011) (finding internal inconsistency is a specific and legitimate basis for discounting a treating physician's opinion). Here, the ALJ noted the clear inconsistency between Dr. Garcia's statement that Plaintiff could sit for less than **1 hour** in an 8-hour work day with his statement that Plaintiff would be able to operate arm or leg controls from a seated position for **6 or more hours** per day in an 8-hour work day. AR 32, 300 (emphasis added).

---

[4] Plaintiff also argues that the ALJ committed reversible error in evaluating Dr. Garcia's opinion by not considering the factors set out in 20 C.F.R. § 404.1527(c), such as length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. (Doc. No. 14 at 11-12.) Contrary to Plaintiff's argument, it is evident from the decision that the ALJ considered these factors, including that Dr. Garcia treated Plaintiff beginning in 2011 (AR 30), Dr. Garcia repeatedly examined and treated Plaintiff between 2011 and 2015 (AR 30-31), the nature and extent of Dr. Garcia's examinations and course of treatment (AR 30-32), Dr. Garcia's referral of Plaintiff to physicians outside Dr. Garcia's specialty, such as an ear, nose and throat specialist (AR 30-31), along with the supportability of Dr. Garcia's opinion and its consistency with the record (AR 32).

Plaintiff suggests that if the ALJ had any "confusion or concern" regarding the purported inconsistency in Dr. Garcia's opinion, then she had the authority to seek clarification before rejecting that opinion. However, it is the claimant's duty to prove that he is disabled. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes*, 276 F.3d at 459–60. Here, the ALJ's duty was not triggered because the record was neither ambiguous nor inadequate for a proper evaluation. There is no indication that the record was incomplete, and to the extent any of the medical evidence was in conflict, it was the prerogative of the ALJ to resolve such a conflict. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001) (finding ALJ responsible for resolving conflicts in medical testimony).

Second, the ALJ discounted Dr. Garcia's restrictive opinion because it was inconsistent with Plaintiff's repeated normal objective medical images. AR 32. A treating physician's opinion may be discounted if not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(c)(2); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (same); *see also Trevizo,* 871 F.3d at 676 (finding treating physician's opinion entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques"); *Conrad v. Berryhill*, No. CV 16-7987-JPR, 2018 WL 437460, at *12 (C.D. Cal. Jan. 16, 2018) (noting ALJ properly rejected treating physician's opinion for the specific and legitimate reason, supported by substantial evidence in the record, that it lacked explanation and support from clinical or diagnostic findings). In this case, the ALJ cited diagnostic evidence demonstrating that Plaintiff's October 2006 and May 2007 head CTs were normal (AR 228, 229), an October 2007 brain MRI was negative (AR 226-27), a July 2011 head CT was negative (AR 223-24) with a maxillofacial CT showing mild chronic Sinusitis (AR 225), a May 2013 brain MRI was unremarkable (AR 233), and a May 2014 brain MRI was "essentially normal for [his] age" (AR 251).

AR 30. Further, the ALJ cited evidence that Plaintiff's vertigo resulted from an unknown etiology (AR 253), and his intermittent tinnitus did not indicate any "underlying significant pathology" (AR 254-55). In addition, multiple physical examinations cited by the ALJ documented no findings that would indicate severe symptoms or their corresponding functional limitations. AR 31, citing AR 258, 260, 264, 268, 309, 311, 324, 326. Therefore, the ALJ properly determined that Dr. Garcia's highly restrictive opinion was unsupported by these otherwise normal diagnostic and clinical findings.

Third, the ALJ discounted Dr. Garcia's opinion because it was inconsistent with Plaintiff's conservative course of treatment. AR 32. A conservative course of treatment can also justify discounting a treating physician's finding of total disability. *Rollins*, 261 F.3d at 856 (noting that treating physician's conservative course of treatment was not the sort of recommendation one would expect to accompany a finding that the claimant was totally disabled). Here, the ALJ cited evidence that Plaintiff received only medications, physical therapy and instructions for Brandt-Daroff Exercise for home use to improve mobility and activities without dizziness. AR 32 (citing AR 231-32, 248-50, 253-55, 258, 304, 307-10, 317-23).

Fourth, the ALJ discounted Dr. Garcia's opinion based on reports of good symptom control. AR 32. Although a symptom that can be reasonably controlled by medication or treatment is not disabling, *Warre v. Comm'r of the Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2005) ("Impairments that can be controlled effectively with medication are not disabling . . . ."), the ALJ cited only a few treatment notations indicating symptom control with medications. AR 32, 260, 268, 281, 285. These isolated instances are not sufficient to demonstrate generally good symptom control, nor are they a sufficient basis to discount Dr. Garcia's opinion. While this basis may have been in error, any such error is harmless given the other reasons discussed above, which support the ALJ's determination to assign little weight to Dr. Garcia's opinion. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (holding that an error is harmless if it is nonprejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination").

As a final matter, the ALJ discounted Dr. Garcia's restricted functional capacity opinion because it "seem[ed] to reflect[ ] an accommodating physician opinion that was specifically sought for the pending hearing request in this matter," and was not consistent with the treatment course or

objective medical evidence and treatment notes. AR 32. Generally, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester*, 81 F.3d at 832. It is improper to "assume that doctors routinely lie in order to help their patients collect disability benefits." *Id.* However, evidence of actual improprieties may be relevant, and the ALJ cites to such evidence in support of her conclusion. *See id.* For instance, the ALJ notes that Dr. Garcia's opinion was specifically sought for the hearing request in this matter (AR 32), and it was rendered after Plaintiff reported worsening dizziness *following* denial of reconsideration at the administrative level and the filing of his request for hearing in April 2014 (AR 31). Further, the record reflects that on November 6, 2014, Plaintiff told Dr. Garcia that he wanted to apply for "SSS disability" (AR 324), and Dr. Garcia rendered his opinion five days later (AR 302). The ALJ reasonably drew the inference that Dr. Garcia completed his opinion to assist Plaintiff's disability application. Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that will be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

For these reasons, the Court find that the ALJ did not commit reversible error in her evaluation of Dr. Garcia's opinion.

**B.     Evaluation of Plaintiff's Testimony**

Plaintiff argues that the ALJ plainly erred by failing to consider Plaintiff's "stellar work history" in evaluating his subjective complaints. (Doc. No. 14 at 20.)

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that Plaintiff's statements concerning the intensity,

persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." AR 30.

As noted above, Plaintiff generally does not challenge the ALJ's findings or reasoning with respect to Plaintiff's subjective testimony. Instead, Plaintiff asserts "one additional fact" that the ALJ allegedly failed to consider: "his strong work history." (Doc. No. 14 at 19.) However, "courts have rejected the contention that the ALJ is required to address a claimant's exemplary work history in assessing her credibility." *Coffman v. Berryhill*, No. 2:17-cv-2088 CKD, 2018 WL 6419676, at *6 (E.D. Cal. Dec. 6, 2018) (quotation omitted) (collecting cases); *Goldman v. Berryhill*, No. 2:17-cv-2450 DB, 2019 WL 498996, at *5 (E.D. Cal. Feb. 8, 2019).

Additionally, because Plaintiff failed to challenge any of the other reasons the ALJ provided for discounting his subjective testimony, any error in failing to weigh his work history was harmless error. *See Coffman,* 2018 WL 6419676, at *6; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("Even so, the ALJ presented four other independent bases for discounting Bray's testimony, and each finds ample support in the record. Thus, the ALJ's reliance on Bray's continued smoking, even if erroneous, amounts to harmless error."); *Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) ("the ALJ's decision finding Carmickle less than fully credible is valid, despite the errors identified above").

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Salvador Mora.

IT IS SO ORDERED.

Dated: **March 5, 2019**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE